UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# ORIGINAL

ABDUL PULLIUM,

                Plaintiff,

        -against-

POLICE OFFICER TININA ALEXANDER,
POLICE SERGEANT RAYNA MADHO,
POLICE OFFICER PAUL PALMINTERI,
AND POLICE OFFICER RAUL NAREA,

              Defendants.

AMENDED CIVIL RIGHTS COMPLAINT
PURSUANT 42 U.S.C. §1983

16-CV-5929 (WMK)(JO)

PLAINTIFF REQUESTS TRIAL BY JURY

## I. PARTIES

   A. Plaintiff: ABDUL PULLIUM, Din# 17-R-1070, Mohawk Correctional Facility, 6514 Rt.26, P.O. Box 8451, Rome, New York, 13442.

   B. Defendants:

1. Police Officer Tinina Alexander, Shield #1093, 83rd Precinct, Brooklyn, New York, 11207.

2. Sergeant Rayna Madho, Shield # 14055, 83rd Precinct, Brooklyn, New York, 11207.

3. Police Officer Paul Palminteri, Shield #18460, 83rd Precinct, Brooklyn, New York, 11207.

4. Police Officer Raul Narea, Shield #07493, 83rd Precinct, Brooklyn, New York, 11207.

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 0 4 2017 ★

BROOKLYN OFFICE

## II. STATEMENT OF CLAIMS

1. The events and incident in which this claim is brought, occurred in front of 39 Pillings Street, Brooklyn, New York, 11207, at approximately 6:55 p.m., on the date of May 27, 2015.

2. The facts in which this claim is filed, are based on the plaintiff sitting on his counsin's front stoop (porch), at 39 Pillings Street, Brooklyn, New York, 11207, on the date of May 27, 2015, when the first two defendants listed in this claim, Police Officer Tinina Alexander, and Sergeant Rayna Madho, called the plaintiff out of the front yard of the residence, and arrested him, claiming to have found marijuana in the plaintiff's pocket. The plaintiff was arrested at that time, but said charges and criminal case was dismissed and sealed by the Honorable Judge J. Campanelli, of the Criminal Court of the City of New York, County of Kings, in the interest of justice. The plaintiff has video evidence of the entire incident, proving the unlawful arrest which forced upon him, the violation of his constitutional due process rights, and lawful due process procedures concerning illegal search and seizure, lack of probable cause for search of an individual, and unlawful confiscation and seizure of the plaintiff's motor vehicle.

3. Upon the police officers calling the plaintiff out of his families front yard, defendant Sergeant Rayna Madho, immediately reached into the plaintiff's pocket searching for illegal contraband or evidence, pulling items out of his pockets, which included his personal effects consisting of motor vehicle keys and miscellaneous other items. The officers placed the plaintiff's back against his vehicle, and began questioning the plaintiff about a transfer of property that was allegedly between the plaintiff and another individual. The plaintiff responded by stated that no one else was presently with him at that time, and was unaware of exactly what the officers were speaking about. Sergeant Madho, then went into the plaintiff's motor vehicle without his permission or consent, included illegal searching of the vehicles glove box and the immediate passenger areas of the vehicle, without finding or obtaining any illegal contraband or evidence to permit such a search.

(2)

4. The Sergeant then asked the plaintiff to place his hands behind his back, in which the plaintiff asked the officers if he was under arrest, with no response or reply concerning the lawful procedure of arresting an individual. The plaintiff asked multiple times if he was under arrest, again, with no explanation as to why he was being placed into custody. That is when the other two additional officers arrived to the scene, Police Officers Paul Palminteri, and Police Officer Raul Narea. The plaintiff had a brief conversation with these two newly arrived officers, stating that he felt intimidated, that he was searched with no evidence or contraband ever being found, that his vehicle was searched, and that he wished to be notified of why he was being placed under arrest. None of the present officers responded to the plaintiff's questions or concerns as to why he was being placed under arrest. Finally, Sergeant Madho, stated that the plaintiff was under arrest, and that he allowed himself to be taken into custody, again, with no explanation as to the basis of said arrest.

5. The entire span of this incident and unlawful arrest occurring, the plaintiff's cousin was recording the incident via video recorded on his cell phone, capturing all aspects and supporting evidence of the arrest being unlawful and in violation of the plaintiff's constitutional rights.

6. At that point, the plaintiff requested that his cousin lock and secure his motor vehicle, when Sergeant Madho stated that they were taking his vehicle. The plaintiff and his cousin both requested to know why they were confiscating his vehicle, and was informed that his vehicle is being seized by the officers. Sergeant Madho, ordered one of the two other officers, Palminteri or Narea, to confiscate the vehicle, and the plaintiff is unsure exactly which officer got into the vehicle, but one of these two officers got into the plaintiff's motor vehicle, and drove it away to the 83rd precinct, violating procedure and protocol for such lawful guidelines and laws set forth for seizure of a motor vehicle.

7. The plaintiff would like to raise the fact that, with the officer's lack of communication with the plaintiff, it was extremely unsafe and irresponsible for any officer to simply get into a motor vehicle, and to drive it away, which

(3)

is obviously in violation of the New York State Laws pertaining to search and seizure. The plaintiff would also like to raise the fact that such unlawful procedure, could have placed any number of individuals, citizens, or pedestrians in harms way. Considering that the officers never asked any information regarding the plaintiff's vehicle, if a problem or malfunction were currently rendering this vehicle a hazard or dangerous object, these officers would have never known, and someone could have possibly been injured. There was no problems or issues with the vehicle at that time, but the plaintiff requests that this Court consider the fact that the officers had no knowledge of the vehicles running condition, and never considered whether the plaintiff had the vehicle parked at that time due to an issue or problem with the vehicles driving condition. It is a blessing that nothing was wrong with the vehicle, but if the vehicle possibly had some malfunction or even hypothetically, a tire that was going to fall off, the officers would have placed a numerous amount of people in danger on a Brooklyn Street at a busy time of evening. So, with these facts considered, the plaintiff requests that this Court note that not only did the officers violate an innocent individual's constitutional rights, but placed no thought or consideration into the harm which could of occurred to other innocent bystanders in that vicinity.

8. The unlawful arrest initially began with Officer Alexander and Sergeant Madho unlawfully arresting the plaintiff, but it is requested that this Court consider how the additional two officers, Narea and Palminteri, allowed such unlawful violation of the plaintiff's rights occur, without placing any effort into the reason or lawful procedures for such arrest to occur. The plaintiff believes that considering these officer's employment positions with the 83rd Precinct, it was their obligation to step in and stop such unlawful illegal incidences from happening, or to at least report the issue after the fact, which was obviously never done. If the actions of Sergeant Madho and Officer Alexander were more harmful or possibly placing an individual's life at stake, would these officers of stepped up an stopped such actions, or would they have simply allowed any unlawful actions to take place and simply adhere to what the other officers were doing?

9. In addition, the two additional officers, Palminteri and Narea, were involved with the illegal confiscation of the plaintiff's vehicle, and although the plaintiff is unsure which of the two officers actually got into the vehicle and drove it to the precinct, he knows that it was definitely one of the two, which is why he requests that these two individuals take responsibility for their actions, and be added to this claim as defendants.

## II. INJURIES

1. The injuries being claimed by the plaintiff which occurred from the above stated incident, are the three (3) days of employment he missed since being employed at Community Access, in Manhattan, New York, the stigma and emotional damage cause by the officers unlawfully arresting him and violating his constitutional rights, concerning Amendments Four, Five, Fourteen, and fifteen, the emotional damage forced upon his family for the actions taking place in their front yard, have to record said incident, having to retrieve his vehicle from the 83rd Precinct after it was illegally confiscated, and the lasted damages caused concerning the impact and permanent lack of trust in any law enforcement, government official, or any agencies who are responsible for the rights and protections for citizens of the United States of America. Additional injuries concerning the plaintiff's employment also include that said incident is placed on his permanent employment record, and may interfere with any opportunities for advancement at that establishment. The psychological and emotional damages caused by this incident have impacted the plaintiff's life in an abundance of different ways, to the point where said damage could possibly force a lifetime of on-going difficulties for his future in society and the reliance of law enforcement agencies who are in place to protect his rights, but failed to do so, and forced him to be a victim.

2. The relief sought by the plaintiff due to the damages and injuries occurred, is in the amount of $500.000.00, for the unlawful arrest, police misconduct, violation of his constitutional due process rights, unlawful search and seizure, and the undue hardships forced upon him concerning

emotional/psychological damage, losing wages at his employment, and credibility with his employer, and the excessive amount of time and effort placed into this claim as a Pro Se Litigant, in which the plaintiff requests that this Court consider the lawful leniency afforded for such an individual.

I, ABDUL PULLIUM, declare under penalty of perjury, that on the 27th day of September, 2017, I deposited this amended complaint in a sealed postage paid wrapper, in an official depository of the U.S. Postal Services, under the exclusive care of the Department of Corrections and Community Supervision at Mohawk Correctional Facility, to be mailed to the United States District Court, Eastern District, and to Kathleen D. Reilly, Assistant Corporation Counsel of the City of New York Law Department.

I declare under penalty of perjury that the foregoing is true and correct to best of my knowledge.

Dated: September 27, 2017

Respectfully Submitted,

**ORIGINAL**

Abdul Pullium, Plaintiff, Pro Se
Din# 17-R-1070
Mohawk Correctional Facility
6514 Rt.26, P.O. Box 8451,
Rome, New York, 13442

(6)

Mohawk Correctional Facility
6514 Rt. 26
P.O. Box 8450
Rome, NY 13442

LEGAL MAIL

Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11007



USMS



NEOPOST
10/02/2017
US POSTAGE $001.19⁰

MOHAWK
CORRECTIONAL
FACILITY

ZIP 13440
041M11287395